```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL LeFLORE,
                                              DECISION AND ORDER
                Petitioner,                   No. 05-CV-00283T

        -vs-

JAMES CONWAY, SUPERINTENDENT
ATTICA CORRECTIONAL FACILITY

                Respondent.
_____
```

I.  **Introduction**

*Pro se* Petitioner Samuel LeFlore ("Petitioner") was convicted of Murder in the Second Degree (N.Y. Penal Law ("Penal Law") § 125.25[2]), Assault in the First Degree (Penal Law § 120.10[1]), two counts of Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03[2]), and Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02[4]).  By Decision and Order dated October 13, 2009, this Court denied Petitioner's application under 28 U.S.C. § 2254 for a writ of habeas corpus (Dkt. No. 33), and judgment was entered on October 14, 2009 (Dkt. No. 34).  The Second Circuit Court of Appeals dismissed Petitioner's appeal on September 15, 2010.  Dkt. No. 42.  Subsequently, Petitioner filed a motion in the Second Circuit for an order authorizing this Court to consider a successive or second habeas petition.  See Court of Appeals Case No. 12-4459, Dkt. No. 2.  That motion was denied on or about December 6, 2012.  Dkt. No. 44.

This motion followed, wherein Petitioner seeks reconsideration of this Court's habeas decision, pursuant to Fed. R. Civ. P. 60(b)(6). Dkt. No. 45. For the reasons that follow, Petitioner's motion is denied.

**II. Timeliness**

Rule 60(b) allows a party to seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1) - (5). Subsection (6) allows a party to move for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Motions brought under Rule 60(b)(6) must be brought within a "reasonable time." See Fed. R. Civ. P. 60(c)(1). To determine whether a Rule 60(b)(6) motion is brought within a reasonable time, a court must "look at the particular circumstance of each case and balance the interest in finality with the reasons for delay." Grace v. Leumi Trust Co. of N.Y., 443 F.3d 180, 190 n.8 (2d Cir. 2006) (citation and internal quotation marks omitted), cert. denied, 549 U.S. 1114 (2007); see also Matter of Emergency Beacon Corp., 666 F.2d 754, 760 (2d Cir. 1981) ("What qualifies as a reasonable time . . . will ordinarily depend largely on the facts of a given case, including the length and circumstances of the delay and the possibility of prejudice to the opposing party.").

Here, Petitioner filed his motion on March 1, 2013[1] (Dkt. No. 28), nearly three and a half years after entry of the judgment from which he seeks relief. Courts consistently find shorter delays to be unreasonable in habeas corpus cases absent some justification for the delay. See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (26 months "constitutes a patently unreasonable delay absent mitigating circumstances"), cert. denied, 535 U.S. 932 (2002); Maisonet v. Conway, 2010 U.S. Dist. LEXIS 140762, 2011 WL 317833, at *3 n.3 (E.D.N.Y. Jan. 31, 2011) (more than three years after denial without excuse); Reynolds v. Greene, 2010 U.S. Dist. LEXIS 13388, 2010 WL 604179, at *4 (N.D.N.Y. Feb. 16, 2010) (more than two years) (listing cases); James v. United States, 603 F. Supp. 2d 472, 479 (E.D.N.Y. 2009) (21 months); United States v. Morales, 2008 U.S. Dist. LEXIS 95724, 2008 WL 4921535, at *4 (S.D.N.Y. Nov. 10, 2008) (three years); Moses v. United States, 2002 U.S. Dist. LEXIS 16799, 2002 WL 31011864, at *2 (S.D.N.Y. Sept. 9, 2002) (20 months) (listing cases), aff'd, 119 F. App'x 357 (2d Cir.), cert. denied, 544 U.S.

---

[1] Under the so-called "prison mailbox rule," a *pro se* prisoner's papers are deemed filed when they are handed over to prison officials for forwarding to the court. See Houston v. Lack, 487 U.S. 266, 270 (1988). Therefore, although Plaintiff's motion was not entered on the Court's docket until April 5, 2013, the Court will consider it to have been filed as of March 1, 2013, the date it was signed by Plaintiff and deposited in the mailbox at Attica Correctional Facility (see Certificate of Service attached to Pet's Motion). See, e.g., Luna v. Artus, No. 10 Civ. 2565 (PKC) (KNF), 2010 U.S. Dist. LEXIS 60927 2010 WL 2594303, at *1 n.1 (S.D.N.Y. June 18, 2010) (citing Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001)).

1067 (2005). Plainly, the motion is untimely absent a sufficient justification. Petitioner has provided no explanation for the delay, and has not so much as even addressed the issue of timeliness in his motion. Thus, the Court finds that Petitioner's motion is time-barred.

**II. Lack of Jurisdiction**

Even if Petitioner's motion was not time-barred, the Court nonetheless lacks jurisdiction to address the merits of said motion, in which Petitioner challenges this Court's determination that one of his allegedly meritorious habeas claims[2] was procedurally defaulted from habeas review. Specifically, Petitioner asserts that, "[t]his [motion] comes before this [C]ourt as the result of a '[f]undamental [m]iscarriage of [j]ustice,' based upon a [s]tate [p]rocedural [d]efault . . . precluding this [C]ourt's review to the merits of the instant petition[']s . . . due process claim, and thus failing to find that the applicable [l]aw of [d]epraved [i]ndifference [m]urder was the law in effect when LeFlore's conviction became final on September 15, 2003." See Pet's Motion at p 3. In what amounts to a belated attempt to overcome the procedural bar that precluded this Court from reviewing the merits of Petitioner's claim, Petitioner now alleges

---

[2] Petitioner challenges the Court's disposition of claim "5", which alleged that he was deprived of his constitutional right to due process and a fair trial because the verdict was inconsistent insofar as he was found guilty of depraved indifference murder and intentional assault, and because the trial court erred in charging depraved indifference murder to the jury. See Dkt. No. 33 at p 24.

cause and prejudice for the default and also attempts to avail himself of the miscarriage of justice exception by arguing that the trial evidence was legally insufficient to support his conviction for depraved indifference murder. Id. at 5-12.

Under the "law of the case doctrine," "[w]hen an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue." Brown v. City of Syracuse, 673 F.3d 141, 147 (2d Cir. 2012) (alteration in original) (internal quotation marks and citation omitted). "This 'mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate,'" Id. (quoting Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010)), or "of issues that fall within the scope of the judgment appealed from . . . but not raised," ResQNet.com, Inc. v. Lansa, Inc., 828 F. Supp. 2d 688, 696 (S.D.N.Y. 2011) (alteration in original) (internal quotation marks and citations omitted); see also Fine v. Bellefonte Underwriters Ins. Co., 758 F.2d 50, 52 (2d Cir. 1985) ("Our previous ruling was the law of the case, and the district judge correctly found that it had no jurisdiction to review an appellate court's decision." (citation omitted)).

In this case, the issues in Petitioner's Rule 60(b) motion have already been litigated before the Second Circuit by way of

Petitioner's appeal and his application to file a second or successive petition. As set forth above, the Second Circuit dismissed Petitioner's appeal in a Mandate dated September 15, 2010. Dkt. No. 42. Further, in a Mandate dated December 6, 2012, the Second Circuit denied Petitioner's motion to file a second or successive petition in this Court. Dkt. No. 44. In that particular motion, Petitioner claimed, in the same manner he does now, that "[he] is entitled to the new standard of review to New York's depraved indifferen[ce] murder law[,] as [said standard] existed before his conviction became final." See Court of Appeals Case No. 12-4459, Dkt. No. 2 at ¶ 10A. Accordingly, the issues raised in the instant motion cannot be re-litigated in the instant proceeding.

## III. Conclusion

For the reasons set forth above, Petitioner's motion, pursuant to Fed. R. Civ. P. 60(b)(6) (Dkt. No. 45), is denied. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253 (c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: June 4, 2013
Rochester, New York